UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GUY E. ROBERTS,        )<br>                             )<br>         Petitioner,    )<br>                             )      CAUSE NO. 3:07-CV-214 JM<br>    vs.                      )<br>                             )<br>MIAMI CORRECTIONAL FACILITY, )<br>                             )<br>         Respondent.   ) | |

## OPINION AND ORDER

Guy E. Roberts, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his criminal conviction on November 6, 1997 in the Lawrence Superior Court which imposed a 31 year sentence in cause number 47D01-9207-CF-066. Mr. Roberts attempts to raise three grounds: (1) "Roberts was denied his right to show the jury a videotape in which the witness (alleged victim) denied sexual intercourse with Roberts"; (2) "Roberts was denied the effective assistance of Trial Counsel"; and (3) "Ineffective assistance of counsel (trial)". Petition at ¶ 12. Habeas Corpus petitions are subject to a one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>         (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>         (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>         (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Section 2244(d)(1) provides four possible dates from which the 1-year period of limitation can run. Mr. Roberts has not identified any factual or legal basis on which it could be inferred that the state prevented him from filing a timely application for a writ of habeas corpus pursuant to subparagraph B. Nor has he asserted a newly recognized constitutional right pursuant to subparagraph C. Neither has he presented claims based on newly discovered evidence pursuant to subparagraph D. Therefore, the 1-year period of limitation ran from the date on which the judgment became final at the expiration of the time for seeking direct review pursuant to subparagraph A.

Mr. Roberts states in his petition that on direct appeal, his petition for transfer to the Indiana Supreme Court was denied on August 31, 1999. The United States Supreme court has noted favorably that, "The Courts of Appeals have uniformly interpreted 'direct review' in §2244(d)(1)(A) to encompass review of a state conviction by this Court." *Clay v. United States*, 537 U.S. 522, 528, n.3 (2003); *see also Lawrence v. Florida*, ___ U.S. ___, ___; 127 S. Ct. 1079, 1084 (2007). Therefore the time for seeking direct review of his conviction did not expire until the passage of the ninety days for filing a petition for certiorari. Allotting those ninety days, the 1-year period of limitation began to run on November 29, 1999.

Section 2244(d)(2) provides that the 1-year period of limitation is tolled during the time that any properly filed application for State post-conviction or other collateral review is pending. Mr. Roberts states that he filed a post-conviction relief petition on February 22, 2000 and that it was denied on February 13, 2006. He states that he did not file a timely appeal of that ruling. Instead, he unsuccessfully petitioned to file a belated appeal. Then he sought leave from the Court of Appeals of Indiana to file a successive post-conviction petition which was also denied. Ultimately he drafted this habeas corpus petition which he mailed on May 3, 2007. The post-conviction relief petition was properly filed, therefore it tolled the 1-year limitation period while it was pending: until February 13, 2006. Because he did not file a notice of appeal, the tolling stopped when that post-conviction relief petition was denied. Because neither the request to file a belated notice of appeal nor the request to file a successive post-conviction relief petition were granted, neither of them tolled the 1-year limitation period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).") and *Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005) ("Because an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under § 2244(d)(2).")

In this case, the 1-year limitation period began running on November 29, 1999 and stopped not quite three months later on February 22, 2000. It started again on February 13, 2006 and ran until it expired a little more than nine months later, sometime around

3

November 20, 2006. The exact date could be calculated, but that is unnecessary because this petition was not mailed until more than five months later on May 3, 2007.

Based on the information provided in this petition, it is clearly untimely and therefore must be dismissed.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

For the foregoing reasons, the habeas corpus petition is **DENIED** as untimely.

SO ORDERED.

ENTERED: May 31, 2007

                                                s/James T. Moody
                                                James T. Moody, Judge
                                                United States District Court